They also contended that the contract with *Lesman*, creating an equitable
mortgage, was a substantial and necessary element of the crime, and that the
indictment was bad for not alleging it. They cited Archb. Cr. Pl. 38, 48, 49;
*Rex* v. *Hunter*, 2 Leach, 624; *Rex* v. *Thompson*, *id.* 910; *Rex* v. *Mason*, 2 T.
R. 581.

---

## Timmons *v.* Switzer and Others.

APPEAL from the *Tippecanoe* Court of Common Pleas. *Thursday,*
*Per Curiam.*—The complaint in this case, alleges that *December* 16.
the appellees, who were the defendants, unlawfully, &c.,
entered upon certain land, of which *Timmons* was the
owner, and tore away and destroyed his fences, &c.

The defendants' answer admits their entry upon the
land, but alleges, in justification thereof, that the same land
upon which they did enter was a public highway; that
*Switzer* was the proper supervisor, &c., and the fence men-
tioned in the complaint being in said highway, and *Tim-
mons* having failed, after due notice, &c., to remove the

same, *Switzer*, as such supervisor, and the other defendants, acting under his authority and command, entered upon said land and removed the fence, &c., as they lawfully might, &c.    To this the plaintiff replied that the land entered upon was not a legally constituted public highway; that the fence removed by the defendants was not in the alleged highway; that the plaintiff was not legally notified to remove the fence; and that the defendants did enter upon the premises of their own wrong and without authority, &c.

The issues were submitted to a jury, who found for the plaintiff.    New trial refused and judgment on the verdict.

After this, the defendants filed, in the same Court, their petition, alleging therein various causes for a review of the proceedings, &c.    And the Court, on final hearing of the petition, reversed the judgment, &c., and from this judgment of reversal, *Timmons* appeals to this Court.

The appellant, in his brief, says that "The only point in this case is, whether the Common Pleas was ousted of jurisdiction by the question of title to lands being raised collaterally.    The Court below held that it was—which was wrong."

In our opinion, the title to real estate was plainly in issue by the pleadings in the cause; and hence, the Common Pleas had no jurisdiction.    2 R. S. p. 18, § 11.—*Dixon* v. *Hill*, 8 Ind. R. 147.    The case at bar falls within the reasoning of the Court in *Anderson* v. *Buchanan*, 8 Ind. R. 132.    And upon the authority of that case, the judgment of reversal must be sustained.

The judgment is affirmed with costs.

*W. C. Wilson,* for the appellant.

*R. Jones* and *J. O'Brian,* for the appellees.